St. Louis, Ark. & Tex. R'y Co. v. John Sandal et al.

(No. 2938.)

Error from Bowie County. Opinion by Willson, J.

Todd & Hudgins, counsel for plaintiff in error.

Jno. J. King, counsel for defendants in error.

§ 379. *Laborers' lien on railroad equipments; county court has jurisdiction to foreclose, when; "equipments" are personal property; case stated.* Defendants in error brought this suit in the county court against plaintiff in error and one Warren to recover $238.34 for railroad cross-ties made and delivered by them under contract to said Warren, who was a contractor with plaintiff in error to furnish its railway with cross-ties. Said cross-ties involved in this suit were received by said Warren for the use of said railway, and were used by plaintiff in error upon said railway. Defendants in error prayed for a judgment against said Warren for the amount of their claim and for the foreclosure of their laborers' lien upon the equipments of said railway. Judgment was rendered as prayed for by them. *Held:* The county court had jurisdiction to foreclose the laborers' lien upon the "equipments" of the railway. "Equipments," as used in the statute creating said lien, mean the rolling stock and other movable property used in operating the railway. The word does not embrace other than personal property, and the county court has jurisdiction to foreclose a lien upon personal property. [R. S. art. 1169; 1

App. C. O. § 568.] It has no jurisdiction to foreclose a lien upon the "road-bed" or upon any property of the railway not embraced within the meaning of the term "equipments" [1 App. C. C. §§ 163, 572], and no such jurisdiction was attempted to be exercised in this case.

§ **380.** *Judgment of foreclosure of lien need not particularly describe the property.*    The judgment foreclosing a laborer's lien upon the equipments of a railroad need not specify the particular articles upon which it is to operate.    It is sufficient to declare the lien foreclosed upon the equipments of the railroad to an extent sufficient to satisfy the judgment.

October 24, 1888.                    Affirmed.